IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOPHER PAUL TORGERSON,

                Plaintiff,

  v.

BD. OF REGENTS OF THE UNIV. OF WIS. SYS.,
MICHAEL A. STIER, DR. ROBERT F. CORLISS, DR.
HART, BARRY E. IRMEN, JESSICA BLAHNIK, and
DOES 1–20,

                Defendants.

ORDER

26-cv-64-jdp

---

Plaintiff Kristopher Paul Torgerson, who's representing himself, seeks relief under 42 U.S.C. § 1983. This order provides Torgerson guidance on how to properly submit his claims for this court's review, and it deals with two pending motions.

The court begins with Torgerson's complaint and his motion for judicial notice. Dkts. 1–2. This court provides prisoners seeking to file suit a prisoner complaint package that includes a complaint form and instructions on filing a prisoner complaint in federal court. Filing a complaint on the form is not mandatory in every prisoner case, but the court has discretion to order prisoners to use the form when it promises to help them articulate their claims and to promote judicial economy. *See A. Bauer Mech., Inc. v. Joint Arb. Bd. of Plumbing Contractors' Ass's & Chi. Journeymen Plumbers' Loc. Union 130, U.A.*, 562 F.3d 784, 790 (7th Cir. 2009) (courts have broad discretion to enforce local practices that enable a district court to manage its docket as efficiently as possible).

Torgerson's complaint, which is excessively argumentative, runs 12 pages itself. Torgerson then attempts to expand the complaint's scope by moving the court to incorporate the records of several state-court judicial proceedings. Torgerson says that this wholesale

incorporation will, among other things, "[e]stablish the factual predicate for [his] constitutional claims." Dkt. 2 at 2. But the court will not parse the complaint and the numerous documents that Torgerson seeks to incorporate into the complaint to attempt to discern the facts supporting a potentially plausible claim. That approach would create a disordered record, unduly strain the court's resources, and divert it from its role as a neutral decisionmaker. The court must construe Torgerson's allegations generously, but it cannot construct his claims for him.

Instead, the court will require Torgerson to file a complete amended complaint, using the prisoner complaint form, to more carefully articulate the facts supporting his claims. Once the court has received the amended complaint, it will be screened.

The court will send Torgerson a copy of the prisoner complaint form along with this order. Torgerson may include supplemental pages with the form if he needs more space to allege facts supporting his claims, but he may provide no more than five (5) supplemental pages. Any handwritten or typewritten text on the form or any supplemental page must be large enough and have enough spacing between the lines and in the margins for the court to read it easily. For reference, Torgerson's complaint meets the spacing and text size requirements.

In drafting the amended complaint, Torgerson should be mindful that, to state a claim for relief, a pleading need only contain "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Torgerson's allegations must be "simple, concise, and direct." Fed. R. Civ. P. 8(d). Torgerson should state his allegations in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Torgerson should identify his claims in this manner and omit any legal

arguments. Torgerson may, if he wishes, attach exhibits to the amended complaint, but he may not incorporate by reference any content from those exhibits, or from any purported matters of public record.

Torgerson should carefully consider whether he is naming proper defendants, which means that he should omit defendants who did not personally participate in, or otherwise cause, a violation of his rights. Torgerson must explain what each defendant did, or failed to do, to violate his rights. Torgerson should avoid referring to defendants collectively. Torgerson also should identify by full name in the case caption of the amended complaint every one of the defendants.

The court turns to the other pending motion. Torgerson moves the court to screen his complaint now that he has paid the initial partial filing fee. Dkt. 10. This motion is moot because the court is ordering Torgerson to amend the complaint. This motion is also unnecessary because the court is familiar with its requirement to screen complaints pursuant to 28 U.S.C. § 1915A and § 1915(e)(2).

ORDER

IT IS ORDERED that:

1. Plaintiff Kristopher Paul Torgerson has until March 25, 2026 to file an amended complaint in accordance with the instructions provided in this order.

2. The amended complaint will act as a complete substitute for the complaint. This case will proceed on only the allegations made and claims presented in the amended complaint, and against only the defendants specifically named in the amended complaint's caption.

3. If plaintiff fails to comply with this order, the court may dismiss the case.

4. The clerk of court is directed to send plaintiff a copy of the court's prisoner complaint form.

5. Plaintiff's motion for judicial notice, Dkt. 2, is DENIED without prejudice.

6. Plaintiff's request to proceed to screening, Dkt. 10, is DENIED as moot.

Entered February 24, 2026.

                                BY THE COURT:

                                /s/

                                _____
                                ANITA MARIE BOOR
                                Magistrate Judge