IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

KRISTOPHER PAUL TORGERSON,

Plaintiff,

v.

OPINION AND ORDER

DR. MICHAEL A. STIER and DR. ROBERT F. CORLISS,

26-cv-64-jdp

Defendants.

---

In response to a screening order, plaintiff Kristopher Paul Torgerson brought an amended complaint, alleging that a forensic pathologist, defendant Dr. Michael A. Stier, gave false testimony in his criminal prosecution, and that Stier's supervisor, Dr. Robert F. Corliss, failed to act on complaints about Stier's performance. Dkt. 14. Proceeding without counsel, Torgerson sought relief under 42 U.S.C. § 1983, asserting due process claims based on the presentation of false testimony and the failure to disclose impeachment evidence. I dismissed Torgerson's due process claims with prejudice based on failure to state a plausible claim for relief, and I directed the clerk of court to record a strike against him under 28 U.S.C. § 1915(g). Dkt. 18.

Torgerson seeks reconsideration of the court's orders pursuant to Federal Rule of Civil Procedure 59(e). Dkt. 20. I will deny the motion.

To prevail on his Rule 59(e) motion, Torgerson "must present either newly discovered evidence or establish a manifest error of law or fact." *Oto v. Metro. Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000). A manifest error of law is the "wholesale disregard, misapplication, or failure to recognize controlling precedent." *Id.*

Torgerson makes four primary contentions in his motion. First, Torgerson contends that my decision to dismiss the amended complaint with prejudice was erroneous. Torgerson notes that I dismissed his first due process claim, based on false testimony, in part pursuant to *Heck v. Humphrey*, 512 U.S. 477 (1994), and he explains that dismissals based on *Heck* are without prejudice. *See Johnson v. Rogers*, 944 F.3d 966, 968 (7th Cir. 2019) ("A suit barred by the doctrine of *Heck* . . . must be dismissed without prejudice . . . ."). But *Heck* wasn't the only basis on which I dismissed claim one. I also concluded that absolute witness immunity barred this claim. Dkt. 18 at 4. It was clear from the face of the amended complaint that this immunity defense applied, so that dismissal counted as a dismissal for failure to state a claim. *See Holmes v. Marion Cnty. Sheriff's Off.*, 141 F.4th 818, 822–23 (7th Cir. 2025). There was no indication that Torgerson could have overcome absolute witness immunity through further amendment, and Torgerson doesn't challenge my immunity ruling. Dkt. 20 at 1. Torgerson hasn't shown any error, much less clear error, in my decision to dismiss claim one with prejudice. Torgerson's first contention lacks merit.

Torgerson's second contention relates to the first. Torgerson notes that, for a dismissal to qualify as a strike under § 1915(g), the complaint must be dismissed "*in its entirety* on one or more of the three enumerated grounds [in § 1915(g)]," which include failure to state a claim. *See Turley v. Gaetz*, 625 F.3d 1005, 1009 (7th Cir. 2010) (emphasis in original). Torgerson contends that I dismissed claim one pursuant to *Heck*, and that *Heck* dismissals do not count as dismissals for failure to state a claim. But, as I've explained, I also dismissed claim one based on absolute witness immunity, and that dismissal counted as a dismissal for failure to state a claim. Similarly, a dismissal pursuant to *Heck* qualifies as a dismissal for failure to state a claim if "the *Heck* bar [is] clear from the face of [the] complaint." *See Holmes*, 141 F.4th at 822. As

explained in my order of dismissal, it was clear from the face of the amended complaint that *Heck* barred claim one. *See* Dkt. 17 at 4–5. Torgerson's second contention lacks merit.

Third, Torgerson says that I did not evaluate conspiracy, declaratory relief, and state-law claims raised in his original complaint in my order of dismissal. Because I did not dismiss those claims when I dismissed the amended complaint, the argument goes, my decision to impose a strike was erroneous. But, as Torgerson concedes in his motion, he did not bring those claims in his amended complaint, and the amended complaint superseded the original complaint and became the controlling pleading. *See 188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 736 (7th Cir. 2002). The law does not require Torgerson to plead any legal theories, *Small v. Chao*, 398 F.3d 894, 898 (7th Cir. 2005), but his amended complaint did not even suggest a claim based on conspiracy or a state-law violation, or a basis for declaratory relief. Because I dismissed all of Torgerson's claims raised in the amended complaint, his third contention lacks merit.

Fourth, Torgerson contends that he could not state a plausible due process claim based on the failure to disclose impeachment evidence because the court's order to amend placed excessive limitations on his ability to plead that claim. In particular, Torgerson faults the court for limiting him from incorporating by reference entire records from state-court judicial proceedings into the amended complaint. This contention is procedurally and substantively flawed.

Procedurally, even if the pleading limitations thwarted Torgerson from stating a due process claim based on the failure to disclose impeachment evidence, he should have sought reconsideration of the screening order. Motions for reconsideration are "not properly utilized

to advance arguments or theories that could and should have been made before the district court rendered a judgment." *Anderson v. Cath. Bishop of Chi.*, 759 F.3d 645, 653 (7th Cir. 2014).

More substantively, Torgerson hasn't shown that the court's screening order stopped him from stating a plausible due process claim based on the failure to disclose impeachment evidence. To state a claim for relief, a pleading need only contain "a short and plain statement of the claim show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Torgerson says that his strategy of wholesale incorporation of state-court records was necessary to state a claim, but he hasn't shown that to be the case. Torgerson's motion relies on pure speculation, which does not warrant reconsideration.

ORDER

IT IS ORDERED that plaintiff Kristopher Paul Torgerson's motion for reconsideration, Dkt. 20, is DENIED.

Entered August 21, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge